# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

| | |
|---|---|
| Thomas Whigham and Richard Whigham, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br>v.<br><br>Minnesota Department of Natural Resources, and John Doe,<br><br>             Defendants. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is a data privacy case arising under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721–2725, and the Minnesota Government Data Practices Act ("MGDPA"), and Minn. Stat. §§ 13.01–13.10.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 18 U.S.C. § 2724(a) and 28 U.S.C § 1331 for DPPA claims and 28 U.S.C. § 1367(a) for MGDPA claims.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391b(1) and (2).

## PARTIES

4. Plaintiff Thomas Whigham (hereinafter "Plaintiffs") is a natural person who resides in the City of Saint Paul, County of Ramsey, State of Minnesota.

5. Plaintiff Richard Whigham (hereinafter "Plaintiffs") is a natural person who resides in the City of Woodbury, County of Washington, State of Minnesota.

1

6. Defendant Minnesota Department of Natural Resources (hereinafter "Defendant DNR") is an agent of the State of Minnesota as designated by the Minnesota Legislature at Minn. Stat. § 15.01.  Defendant DNR is a "government entity" as defined by Minn. Stat. § 13.02 subd. 7a. The Minnesota Legislature expressly authorized suit against Defendant DNR in this Court at Minn. Stat. § 13.08 subd. 1.

7. Defendant John Doe (hereinafter "Defendant Doe") is a natural person whose identity is unknown to Plaintiffs at this time but whose identity is known to Defendant DNR.  On information and belief, Defendant Doe was an employee of Defendant DNR but is no longer.  On information and belief, Defendant Doe is a resident of the State of Minnesota.

## FACTUAL ALLEGATIONS

8. Plaintiffs received a letter (hereinafter the "Letter") from Defendant DNR on or around January 16, 2013.

9. A copy of the Letter is attached hereto as Exhibit 1.

10. The Letter states that "a DNR employee engaged in unauthorized viewing of private data from your driving and/or motor vehicle records."

11. On information and belief, the "driving and/or motor vehicle records" referenced in the Letter constitute the personal information obtained, collected, and stored by Minnesota Department of Public Safety, Driver and Vehicle Services (hereinafter "DPS") when Plaintiffs applied for and were granted identification from DPS.

12. The DPS records referenced in the Letter are designated as personal, confidential, private, and highly restricted pursuant to 18 U.S.C. § 2721(a), Minn. Stat. § 13.02 subd. 12-13, Minn. Stat. § 13.41, and Minn. Stat. § 13.69.

13. On information and belief, Defendant Doe is the "DNR employee" referenced in the Letter.

14. The Letter states that "the records contain information such as your full name, date of birth, driver's license number, address, license status, and license photo."

15. On information and belief, Defendant Doe used his position within Defendant DNR and computer equipment owned or licensed to Defendant DNR to perform the acts referenced in the Letter.

16. On information and belief, Defendant DNR and Defendant Doe knowingly obtained, used, collected, stored, and disseminated Plaintiffs' personal, confidential, private, and highly restricted information from DPS for purposes other than the administration and management of DNR programs.

17. On information and belief, Defendant DNR failed to designate a responsible authority for the protection of private and confidential data and failed to establish appropriate security safeguards to prevent misuse of private and confidential data.

18. Plaintiffs never gave written consent to Defendant DNR, Defendant Doe, or DPS for the release of their personal, confidential, private, and highly restricted information.

19. Plaintiffs were told by family members that news agencies are reporting that Defendant DNR and Defendant Doe unlawfully accessed DPS records of 5,000 other persons and that criminal charges are pending.

20. On information and belief, Defendant DNR and Defendant Doe did in fact unlawfully access DPS records of over 5,000 persons.

21. Plaintiffs face a heightened risk of identity theft as a result of Defendant DNR and Defendant Doe's unlawful viewing and use of their personal, confidential, private, and highly restricted information.

22. As of the date of the filing of this lawsuit, Plaintiffs are investigating different credit monitoring products and anticipate that the cost of these services over the next five years will exceed $250.

## CLASS ALLEGATIONS

23. Plaintiffs bring this action individually and as a Class action. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs seek to certify a Class consisting of the following individuals:

    *All (1) individuals, (2) about whom Defendant DNR and Defendant Doe obtained, used, collected, stored, or disseminated personal, confidential, private, and highly restricted information, as designated by 18 U.S.C. § 2721 and Minn. Stat. § 13, and (3) for a purpose other than the administration and management of DNR programs.*

24. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class consists of over 5,000 persons.

25. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

    a. Whether the purposes for which Defendant DNR and Defendant Doe obtained, used, collected, stored, and disseminated individuals' personal, confidential, private, and highly restricted information was necessary for the administration and management of DNR programs.

    b. Whether Defendant DNR and Defendant Doe's violations of federal and state privacy laws were willful.

    c. Whether all individuals in the Class are entitled to damages equal to the cost of credit monitoring services as a result of their increased risk of identity theft.

26. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories, including:

    a. Violations of federal and state privacy laws protecting access and use of state motor vehicle records.

27. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are committed to vigorously litigating this matter. Further, Plaintiffs have secured counsel experienced in handling data privacy class actions. Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this case.

28. This action should be maintained as a Class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for the parties opposing the Class.

29. A Class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained using Defendant DNR and Defendant Doe's records, or the records of DPS.

## TRIAL BY JURY

30. Plaintiffs are entitled to and hereby request a trial by jury pursuant to the Seventh Amendment to the U.S. Constitution and Federal Rule of Civil Procedure 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE DPPA AGAINST DEFENDANT DOE

31. Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

32. The foregoing acts and omissions of Defendant Doe constituted numerous and multiple violations of the DPPA.

33. In violation of 18 U.S.C. § 2724(a), Defendant Doe knowingly obtained and used personal and highly restricted information about Plaintiffs from DPS motor vehicle records for a purpose other than to carry out the functions of his employer Defendant DNR.

34. Defendant Doe's violations of 18 U.S.C. § 2724(a) were willful.

35. Defendant Doe is liable to Plaintiffs for actual damages, liquidated damages, punitive damages, and reasonable attorneys' fees and litigation costs pursuant to 18 U.S.C. § 2724(b)(1–4).

## COUNT II.

## VIOLATIONS OF MGDPA AGAINST DEFENDANT DNR

36. Plaintiffs incorporate by reference all foregoing paragraphs as though fully stated herein.

37. The foregoing acts and omissions of Defendant DNR constituted numerous and multiple violations of the MGDPA.

38. In violation of Minn. Stat. § 13.05 subd. 3, Defendant DNR collected, stored, used, and disseminated private and confidential data on Plaintiffs from DPS motor vehicle records for a purpose other than the administration and management of DNR programs.

39. In violation of Minn. Stat. § 13.05 subd. 5, Defendant DNR failed to establish appropriate security safeguards to prevent misuse of government data.

40. Defendant DNR's violations were willful.

41. As a result of Defendant DNR's violations, Plaintiffs have suffered actual damages in the form of increased risk and fear of identity theft and will suffer ongoing damages in the form of out-of-pocket costs for credit monitoring services.

42. Defendant DNR is subject to a civil lawsuit in this Court as a result the Minnesota Legislature's waiver at Minn. Stat. § 13.08 subd. 1 of any immunity that may have otherwise applied.

43. Defendant DNR is liable to Plaintiffs for damages, exemplary damages, and reasonable attorneys' fees and litigation costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant Doe and Defendant DNR as follows:

- Ordering that Defendant Doe violated 18 U.S.C. § 2724(a) with respect to Plaintiffs;
- Ordering that Defendant Doe compensate Plaintiffs' actual damages, but in no case less than liquidated damages of $2500;
- Ordering that Defendant Doe compensate Plaintiffs' reasonable costs and attorneys' fees;
- Ordering that Defendant DNR violated Minn. Stat. § 13.05 subds. 3 and 5.
- Ordering that Defendant DNR compensate Plaintiff for their actual damages;
- Ordering that Defendant DNR pay Plaintiffs exemplary damages of between $1,000 and $15,000;
- Ordering that Defendant DNR compensate Plaintiffs' reasonable costs and attorneys' fees; and
- Ordering such other and further relief as may be just and proper.

Dated this 25th day of January, 2013.    Respectfully submitted,

By: s/Thomas J. Lyons_____
**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Sr., Esq.

Attorney I.D. #: 65699
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #:  249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tlyons@lyonslawfirm.com
tommycjc@aol.com

**ATTORNEYS FOR PLAINTIFFS**